STERN v. MUTUAL LIFE INS. CO. OF NEW YORK et al.

(Supreme Court, Appellate Division, First Department. December 30, 1915.)

PAYMENT ☞ 86—PAYMENT OF NOTE BARRED BY STATUTE—RECOVERY.

In the absence of the misrepresentation of any fact, the statement of defendants to plaintiff that her deceased husband owed them the amount of two notes, inducing her to acquiesce in their payment by their codefendant, an insurance company, out of the amount due on policies in which she was the beneficiary, was only a conclusion of law, which might be true, notwithstanding that the notes were barred by the statute, as the statute does not pay a debt, but merely affects the right to recover, so that plaintiff could not recover the amount paid.

[Ed. Note.—For other cases, see Payment, Cent. Dig. § 282; Dec. Dig. ☞86.]

Appeal from Special Term, New York County.

Action by Caroline Stern against the Mutual Life Insurance Company of New York and Otto H. Kahn and Henri P. Wertheim, individually and as executors of the last will and testament of Abraham Wolff, deceased. From a judgment dismissing the complaint on the trial, plaintiff appeals. Affirmed as to the defendants Kahn and Wertheim individually and as executors, and reversed and new trial ordered as to defendant Mutual Life Insurance Company.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

D. W. Steele, Jr., of New York City, for appellant.

Murray Downs, of New York City, for respondent Mutual Life Ins. Co. of New York.

William E. Carnochan, of New York City, for respondents Kahn and Wertheim.

SCOTT, J. Plaintiff is the widow of Dr. Lascar Stern, who died on September 27, 1908. At the time of his death he was insured in the defendant Mutual Life Insurance Company upon two policies, in which plaintiff was named as beneficiary. At his death there became due upon said policies $10,008, of which the insurance company paid $7,612.49 to the defendants Kahn and Wertheim, and $2,595.51 to plaintiff. The complaint, in which judgment is asked for $3,807.06, is very inartificially drawn; but it may be gathered from it that plaintiff's claim is that the defendant company paid to the defendants Kahn and Wertheim the sum now sought to be recovered, in payment of two notes which were barred by the statute of limitations and therefore uncollectible.

Her complaint against Kahn and Wertheim is that they induced her to acquiesce in the payment of these sums by falsely stating to her that they constituted valid indebtednesses of her deceased husband. The complaint was dismissed as against all the defendants on the ground that it did not state facts sufficient to constitute a cause of action.

As to the defendants Kahn and Wertheim the complaint was rightly dismissed. They are not charged with the misrepresentation of any fact, and their statement that Dr. Stern owed them the amount represented by the notes, which was only a conclusion of law, may well have been true, notwithstanding the claim had been barred by the statute of limitations, for that statute does not pay a debt, but merely affects the right to recover.

As to the Mutual Life Insurance Company, however, we think that the complaint, aided by its admissions contained in the forty-third and forty-fourth paragraphs of the answer, states a cause of action sufficient to put it to its defense.

The judgment appealed from is therefore affirmed as to the defendants Kahn and Wertheim, individually and as executors, with costs, and reversed and a new trial granted as to defendant Mutual Life Insurance Company, with costs to plaintiff to abide the event. Settle order on notice. All concur.